Case number 18-3363, Red Zone 12 LLC et al. v. The City of Columbus Ohio et al. Argument not to exceed 15 minutes per side. Mr. Connors, you may proceed for the appellant. Good morning, Your Honor and Justices of the Court. I would like to reserve two minutes in rebuttal, if I may, Your Honor. Thank you. This is a 1983 case that was dismissed by the District Court under Rule 12c, basically for failure to state a claim. The District Court held that there was absolute immunity on the part of the City Attorney, in this case for the City of Columbus. The District Court held at page 9 of its decision that our focus on the reasons that the City Attorney brought the nuisance action did not matter. The decision to prosecute or not prosecute, even if malicious, enjoys absolute immunity, which is what the District Court found. This completely, even though the decision pays lip service to the idea that they should apply the functional approach analysis, it said within its decision that we're not going to do that. Any argument that you have for that, we're not listening to because the City Attorney enjoys unfettered absolute immunity in deciding to file a nuisance action. The problem with this is, and the reason that we focused on the reasons for the decision by the City Attorney to file a nuisance action in this case, was that this court in Cooper said that the functional approach focuses on whether the prosecutor's activities are associated intimately with the judicial phase of the criminal process. Here, there was no nuisance. There was no nuisance activity. There were no criminal complaints. Whether the prosecutor enjoys immunity cannot depend on the merit of his claims, can it? That's what you're just saying. But in this case, there was no nuisance whatsoever. So he was prosecuting on some untoward basis, is your argument. He was trying to effectuate the... Go ahead. When you say he was trying, that's talking about what he's trying to do, right? What's in his mind? Why he's doing it? Well, he's doing it pursuant to the City's policy and custom. That's a reason, right? It's a reason. I thought the whole idea of absolute immunity as opposed to qualified immunity is that there's no bad faith exception.  That's what absolute immunity means. Or do you disagree with that? Because if you do, we're on different train tracks here. I understand and appreciate what you're saying. However, this case... Well, what's the answer to the question? Absolute immunity means bad faith, still immune. Is that correct? That's correct. All right. So when you say he did it for this reason, he did it for that reason, he did it with no basis, those are bad reasons. But he's still immune. What is the point of the functional approach analysis? The functional approach is sometimes you're not prosecuting. You're out there breaking into somebody's house. That's not part of the judicial function because you could be breaking into somebody's house that never gets tried. And so it couldn't be cured by an appeal. But when you're prosecuting... The prosecutor in this case was not prosecuting. Well, but he was, but for the bad reasons, you say. You're saying, though, all you've told us so far is that he wasn't prosecuting because he didn't have a meritorious case. And that can't be the test. I mean, the functional test has to look at the role the prosecutor is playing in terms of whether he is, in fact, prosecuting a case or not, not whether he's got a meritorious claim that he's making. He was not acting in the role of a prosecutor. And that is the essence of our... And why do you say that? He was acting at the behest of the city in its policy to effectuate a redevelopment policy... By what? ...regulate and control businesses in this area. But by what method? Pardon me? If that's what he was doing and that was the city's policy, it was by what method? By the method of using the nuisance action. The method of prosecuting a nuisance action. The method of using that action to obstruct and interfere with the right to conduct a lawful business in the city of Columbus. Can I ask a hypothetical question just so I understand your idea of the law? Let's say you have a prosecutor who prosecutes someone for the sole reason that the person he's prosecuting tried to go out with his wife. Is he immune? He's prosecuting now. He's bringing a court case. He's writing the indictment. But the real reason is that he's playing around with his wife. I would suggest that's illegal. It may be illegal, but that's a classic example of where absolute immunity applies. You read the core old absolute immunity cases. They say it's a shame, but the way that's cured is in the development of the prosecution and not by a civil suit against the prosecutor. If you say that's not prosecuting, that's not a functional test. That's a good faith test or a bad reason test. It's not a function test because the function is he's prosecuting. You have to get me past that or you just lose. What about the Berkowitz case? What about my example? I don't know. You say that's a violation. That would not be subject to absolute immunity if absolute immunity applied for that category. That is not subject to absolute immunity. You have to cite me some support for that because that's just— Your idea of the law is appearing to us just wrong. That's what I would say. Let's look at the Brahma investment case. We're all familiar with that case. None of you justices sat in decision on that panel. But in that case, the argument was that Mr. Berkowitz, the law director from the city of Norwood, received 30 or 40 criminal complaints. In this case, and they didn't allege in that case that there was a custom of policy of the city allowing Mr. Berkowitz to file illegal actions, and we have alleged that here. Custom of policy has nothing to do with—those are two discrete issues. Whether there's a custom of policy—you're back where you started from. The merits of the argument, you say, determine whether he enjoys absolute immunity. And that's just flat, not the law. Well, in this case, the city attorney acting as an alleged prosecutor for which there was no nuisance, there was absolutely zero nuisance at hand, he waits six months. Do I surmise that you have no answer to the observations that we've made about how the arguments you're making do not support an absence of prosecutorial immunity? I don't accept your argument in this case only because— It's not an argument. It's the law. I understand what you're saying about the law. And it's well-established law. But the—this court— I think what we have is parallel tracks of concern. I don't think anybody's going to deny that your allegations in this complaint are very troubling about what went on. There's no question of that. But the track that we are on has to do with a public policy decision that we don't want prosecutors being always afraid or concerned about prosecuting and doing their job because someone might sue them. The tradeoff for that is that prosecutors get to do things for bad reasons. And they still have that immunity because the public policy is this prosecutor must have freedom to do her job no matter what. So the bottom line of that is the remedy is within the prosecution action. And the remedy, when this gentleman prosecuted your clients and asked for a permanent injunction against their ability to conduct business, the court said, I'm not doing that. That's not right. So the policy is that you have that remedy within the structure, and you had it, does not make the reasons one bit better. But it means that the choice has been you must pursue it within that action. And you did, and you won within that action. So that's how absolute immunity works. So tell me how your case falls outside of that. Our case falls outside of this because under the functional approach analysis, the prosecutor wasn't conducting any prosecutorial activity. It wasn't acting as an advocate. It wasn't preparing criminal proceedings. The prosecutor, the city attorney was. It's not just criminal. Prosecutorial immunity extends to prosecution. I agree, and I understand. On behalf of the government. But in this case. But was he in court? He was never. We were not in court until six months later. But you were in court eventually. We were in court. And you were disposed of the matter. We did. We prevailed. But it's substantial damage. In fact, the city attorney and the city, we alleged that both of them are culpable in this situation. They desperately begged the environmental court to continue the action. For the sole reason of obstructing our business, our client's business, and his ability to conduct business. And they lost. And they lost. Which is in the law the only available remedy. I would suggest, though, under Cooper, when this panel and this court held, that you must employ the functional analysis to review and analyze exactly what the prosecutor was doing. What he was doing was, according to you, something for the wrong reason. He wasn't doing what a prosecutor does. Well, you say that. But then when you ask how, you say, well, because he was trying to do this or he was trying to accomplish that. Your reason for saying he's not entitled to absolute immunity is that his case was not meritorious. And it doesn't work that way. No, I'm not saying his case was meritorious. It was not meritorious. He had no case. He had zero case. There was nothing to do with the judicial function in this case. They used this as a policy by the city to effectuate its redevelopment of this blighted area. Let's turn to the other issue here. You don't allege anything in your complaint other than what happened to you as a fact supporting the fact that the city had a customer policy, right? I'm not sure I'm following you, Your Honor. What other facts do you allege in your complaint that support the existence of a customer policy other than what happened to you? We don't allege anything else. And we cited legal authority, obviously, in the case law that supports the notion that when you have a one-time situation. Do you think a one-time situation makes for a customer policy? It can under certain circumstances. I believe that Monell provides for that. It is feasible and possible. But we were denied discovery in terms of trying to determine all this during the course of the environmental case proceeding. I would just emphasize again, though, that under the functional approach analysis, we have to look at what the prosecutor was doing. In this case, it wasn't any concern of prosecuting somebody for a nuisance. And it caused substantial damage. I mean, we're repeating ourselves. But when you say functional, somehow that appears to me to be, in your mind, purpose. And functional is a test that's designed to be distinct from purpose, clearly distinct from purpose. So you're doing something, what is the function that you're doing as opposed to the reason you did it? That's the distinction it draws. So when you say, this is why it's not computing, when you say the court ignored the functional test because the purpose was bad, it strikes me, and I think my colleagues, as a contradiction in terms. I understand what you're saying. But the functional approach requires the court to look at what the prosecutor was doing. Was he acting as an investigator, an administrator for the city? He brought a claim, right? He said there was no basis for it. Pursuing the claim is the function that the prosecutors do. Then there's no need for the functional. Oh, yeah, because as I say, I can give you all kinds of examples where the functional says you've sued the prosecutor. If the prosecutor goes out of the courtroom and kicks the person who serves him lunch, that's not part of the function of what a prosecutor does. But when he does something that a prosecutor does, like draft a complaint. When the prosecutor in this case decides to file an arbitrary nuisance action to effectuate the redevelopment policy of the city, that's outside the judicial realm. Thank you. All right. Good morning, Your Honors. I'd be happy to address any questions or concerns the court has. If not, I don't have anything additional to add. What position do you take on whether the city attorney has final decision-making authority under the Pinbauer line of cases? Ultimately, the attorney that files a lawsuit, that's just any attorney, but particularly a prosecuting attorney, is the person with the final authority to decide to initiate the judicial action. Yes, certainly in that capacity. But I'm asking in the capacity on behalf of the city, does the city attorney have final decision-making authority or is he in a position and he fulfills that position? In other words, does he set policy for the city or doesn't he? I don't think he sets policy for the city of Columbus. I think he is the chief legal officer for the city of Columbus. And if a public nuisance exists or if the city attorney believes a public nuisance exists in the city of Columbus, like, for example, in this case, even if you look at the exhibits that were attached to the First Amendment complaint, the allegations were multiple illegal alcohol sales, which is a predicate act for a nuisance case. If that exists, then the city attorney is the one who will decide there is enough to file. It's an individual prosecutorial decision. But in your mind, that would be distinct from a city policy that he was implementing because the city policy is to prosecute these sorts of actions. The city policy would be to prosecute actual nuisances that exist in the city of Columbus, as I'm sure it would be the case in this case. Well, yeah, I mean, of course, this nuisance didn't exist, if it ever did.  For purposes of 12C allegations. And I do want to make that noted. Because if you look at the environmental court's dismissal, which was attached as part of the pleading, so as part of the case, the reason the case was dismissed is because a condominium owner, or a developer wanted to come in, tear down the nightclub, and build a condominium. Well, I mean, hadn't the club been closed for a long time before the prosecutor, in this case, ever instituted the action? The appellants had closed down the nightclub before the action was initiated. If you look at the language of 37— Which, of course, if we were looking at motive, raises a question about the purpose of the litigation. As does the request for a permanent injunction. Two years after it was closed. Which could very easily give rise, if we were considering that issue, to an inference of some sort of motive that was not motivated by bringing about an end to particular activity that might be deemed illegal, but rather to retaliate against the owners of the business. And my response to that is, within 3767, the Ohio Rise Code nuisance statute, the permanent injunction exists for the property itself. So a nuisance activity can never reoccur there, no matter who owns it. But wasn't there a broader request related to these individuals and their ability, which has nothing to do with that property? It would appear to have to do with retaliation. Mr. Pfeiffer, in all candor, does not come across as the best public servant we've ever seen. It may not matter in terms of the ultimate resolution of the case, but he doesn't come out looking very good, given the facts. And, Your Honor, in my response to that, as someone who worked for Rick Pfeiffer for over a decade and has a great deal of respect for Rick Pfeiffer, this is a 12C. This was a 12C motion. So we've been looking at plaintiff's allegations. We know that the facts are actually different, because this is a refiled case, and the city attorney's office had deposed... We'll grant you that, in fairness, we did not jump to conclusions about him. Thank you, Your Honor. Could I ask a technical and perhaps abstract question? Hypothetical, but it's related to this case. Could a city ever have Monell liability, even though the actions were taken by people with absolute immunity? The city doesn't get absolute immunity, right? So you can't plead absolute immunity on the part of the city. The city's being sued. Could the city conceivably, in some case, take action that is unconstitutional or illegal through the actions of persons who are absolutely immune and nonetheless be liable? Could that ever happen? Could it ever happen? Well, I mean, legally, is it within the realm? I mean, it seems like it should be able to. Otherwise, cities could get away with things that absolute immunity is not designed to protect. And, Your Honor, I will answer the general question and then bring it back specifically to this case. Generally, sure. I mean, I think imagine if there's city ordinances about jaywalking and the city decides we're only going to prosecute African-American males for jaywalking and then the city prosecutor for a decade only prosecutes African-American males and ignores everybody else. Right, right. Probably, yes. The city could be held liable. Even though you couldn't sue the prosecutor? Correct. In this case, we're talking about a prosecutor bringing a public nuisance action in the name of the state of Ohio. So, in this type of case, the answer would be no. And that is the... Would the answer be no, even if it was clear that the city had a policy that they wanted no African-American landowners in their redevelopment district? Why does it matter whether it's brought in the name of the state if it is brought at the behest of an express, inappropriate policy implemented by the city? As somebody who represents the city of Columbus, I will tell you we absolutely do not have that policy. Sure, but we're asking you about the potential of that policy. Absolutely, but I'm being recorded. I want to say we do not have that policy. Well, the example you gave about jaywalking, the policy, the inference of the existence of the policy would be based on a course of conduct over a long period of time. Is that right? That's correct, Your Honor. And in this case... Here, the problem is that no comparators were named in the complaint. Absolutely. And the city attorney does not act as the policy determiner for the city. Yes, Your Honor. Because if the description of his job said that he was the key policymaker for the city, then all of a sudden he's in a different spot, isn't he? I would think, Your Honor. The court has no further questions. I don't think we do. Thank you. Thank you, Your Honor. A brief, but in response to Judge Rogers' point, the Keith Moore v. Brahma investment case held, appellants have not alleged a specific customer policy of allowing Berkowitz or any law director to bring illegal actions. That is specifically what we have alleged here. I don't really concede your point on the absolute immunity. I know we disagree on that. That's fine. But you went to the second point that we're trying to make here. The city cannot act illegally through an absolutely immune prosecutor, and we allege that policy and that custom, whereas in Berkowitz's case... Do you allege? This is the question I think Judge Stranch was asking. Do you allege that it was imposed against anyone else? And I thought you agreed in your earlier argument that you didn't. We didn't have the opportunity to... Talk about alleging. We allege that it was a policy and that this is what they used it for. In fact, we went to great lengths in our pleading to demonstrate that the city attorney in this case has usurped the administrative policy-making decisions of the city for the very purpose of conducting... I would suggest that the city had a different policy. The city had this policy of utilizing the nuisance action to accomplish something that it couldn't otherwise legally accomplish. That stated by itself doesn't even state a claim. Cities can try to establish policy through prosecutions. Just the fact that that's the way they do it and they can't think of another way to do it doesn't make it illegal. The city can give the policy-making role to the city attorney and say go investigate and make your own determinations? Yeah, they say there's too many illegal pets in the city and the way we want to deal with that is to prosecute people under the illegal pet statute. I mean, that doesn't make the illegal pet statute unconstitutional, right? I understand that, but we have alleged that there was a custom and policy by the city to effectuate its redevelopment policy through the use of this. There was no other reason for them to bring the nuisance action other than to force my clients at great substantial financial loss to submit to their demands about this permanent injunction which flies in the face of... Your time is up. All right. We thank you both for your argument. Thank you. We'll consider the case carefully.